# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY J. FREITAS,**
**DONALD TILL, INTERNATIONAL**
**BROTHERHOOD OF TEAMSTERS,**

                Plaintiffs,

      -vs-                                      Case No. 11-C-358

**REPUBLIC AIRWAYS HOLDINGS, Inc., and**
**MIDWEST AIRLINES, Inc.,**

                Defendants.

## DECISION AND ORDER

The plaintiffs, former Midwest airline pilots and their certified representatives under the Railway Labor Act ("RLA"), brought this action to compel Republic Airways Holdings, Inc. ("RAH") and Midwest Airlines, Inc. ("Midwest") to participate in grievance resolution proceedings before the Midwest-Air Line Pilots Association ("ALPA") System Adjustment Board. The plaintiffs quickly moved for summary judgment. The Court denied this motion with respect to RAH but granted the motion with respect to Midwest. *Freitas v. Republic Airways Holdings, Inc.*, 2011 WL 5506679 (E.D. Wis. Nov. 10, 2011); ECF No. 33. Plaintiffs now move for leave to file a supplemental complaint. For the reasons that follow, this motion is denied.

The Court may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Courts resolve motions to file supplemental pleadings

by using the same standard used to resolve motions to amend under Rule 15(a). *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996); *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). Courts analyze several factors when determining whether to grant leave to amend, including whether the proposed amendments would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it would not survive a motion to dismiss under Rule 12(b)(6). *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

The Court presumes familiarity with the background of this case as set forth in its previous Decision and Order. To briefly summarize, RAH is an airline holding company that acquired Midwest in 2009. After the acquisition, Midwest eventually stopped operating flights. Some of the former Midwest pilots were offered employment at one of RAH's other subsidiaries (Chautauqua Airlines, Shuttle America, Republic, and Frontier), but most of the pilots were furloughed. With respect to RAH, the Court denied plaintiffs' motion to compel adjustment before the Midwest/ALPA system board of adjustment because (1) RAH is not a party to the Midwest/ALPA CBA and (2) RAH cannot be bound to that CBA as an "unconsenting successor employer." ECF No. 33, Decision and Order at 7-12 (discussing the labor law successorship doctrine, *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964); *NLRB v. Burns Int'l Servs., Inc.*, 406 U.S. 272 (1972); *Howard Johnson Co. v. Hotel & Rest. Empl.*, 417 U.S. 249 (1974)).

In their proposed supplemental complaint, the plaintiffs try a different strategy by attempting to force RAH to establish a board of adjustment with sufficient jurisdiction to

hear and resolve disputes arising out of all of the collective bargaining agreements with all of RAH's subsidiaries. The plaintiffs rely on the National Mediation Board's finding that Chautauqua, Shuttle, RA and Frontier are operating as a single transportation system known as Republic Airlines et al./Frontier (the former Midwest Pilots are included in the single transportation system). *In the Matter of the Application of the Int'l Bhd. of Teamsters, Airline Div.*, 38 NMB 138, 157 (April 7, 2011). This argument puts the cart before the horse, because the NMB's finding and subsequent certification of the International Brotherhood of Teamsters as the representative for the craft or class of pilots only means that the component airlines have a duty to "treat" (i.e., a "unitary duty to bargain") with the IBT. *Bhd. of Maint. of Way Employees v. Guilford Transp. Indus., Inc.*, 808 F. Supp. 46, 50 n.7 (D. Me. 1992); 45 U.S.C. § 152 Ninth ("Upon receipt of such certification the carrier *shall treat* with the representative so certified as the representative of the craft or class for purposes of this chapter") (emphasis added). The plaintiffs' supplemental complaint is not an attempt to force RAH and its subsidiary airlines (Republic Airlines et al./Frontier) to the bargaining table to negotiate a system-wide or "consolidated" CBA. The plaintiffs want to skip collective bargaining, but the jurisdiction of an adjustment board is "'defined in the agreement establishing it.' Thus, the parties have the opportunity to bargain over the jurisdiction of the board, although the jurisdiction must be broad enough reasonably to effectuate the purposes of the RLA." *Air Line Pilots Ass'n, Int'l v. Jetstream Int'l Airlines, Inc.*, 716 F. Supp. 203, 205 (D. Md. 1989) (quoting 45 U.S.C. § 153; citing *Air Line Pilots Assoc., Int'l v. Delta Air Lines, Inc.*, 863 F.2d 87, 91 n.2 (D.C. Cir. 1988)).

The entire purpose of establishing an adjustment board is to adjudicate "minor disputes," which are "disputes over the meaning of a collective bargaining agreement governed by the [RLA]." *Int'l Bhd. of Teamsters v. Frontier Airlines*, 628 F.3d 402, 404 (7th Cir. 2010). A minor dispute "contemplates the existence of a collective bargaining agreement already concluded. . . . [T]he claim is to rights accrued, not merely to have new ones created for the future." *Consol. Rail Corp. (Conrail) v. Railway Labor Exec. Ass'n*, 491 U.S. 299, 303 (1989). Here, there are collective bargaining agreements which separately govern each of the component subsidiaries, with system boards in place to arbitrate grievances arising under each of those agreements. Any minor disputes that have already accrued necessarily arise under those agreements and must be brought before the system boards designed to hear those grievances. These forums may be undesirable for the plaintiffs, but until there is a newly-negotiated collective bargaining agreement, there is no duty to establish another board of adjustment. *Jetstream*, 716 F. Supp. at 207 ("implicit in the statutory structure and judicial interpretations of the RLA is the recognition that *an initial collective bargaining agreement is a prerequisite to the parties' duty to create a system board of adjustment*") (emphasis added). The plaintiffs' supplemental complaint is another impermissible attempt to force RAH to arbitrate grievances under a CBA it never negotiated in the first instance. Decision and Order at 12 ("A party that is not bound by the substantive terms of the CBA 'cannot be compelled to submit to arbitration because no arbitration award to the Union could receive judicial sanction'" (citing *AmeriSteel Corp. v. Int'l Bhd. of Teamsters*, 267 F.3d 264, 277 (3d Cir. 2001)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiffs' motion to file a supplemental complaint [ECF No. 37] is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court will conduct a telephonic conference call on **August 28, 2012** at **10:00 am (CST)**. The purpose of this call will be to discuss the status of this case in light of the foregoing opinion and the grievances being adjusted before the Midwest/ALPA System Adjustment Board.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**